

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 13, 2023

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-10137-rlj11V |
| BITTER CREEK WATER SUPPLY | § | |
| CORPORATION, | § | CHAPTER 11 |
| | § | SUBCHAPTER V |
| DEBTOR. | § | |

### FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND
### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION UNDER
### SUBCHAPTER V DATED FEBRUARY 17, 2023

This Court having considered the testimony and evidence presented and having reviewed Debtor Bitter Creek Water Supply Corporation's ("Bitter Creek" or the "Debtor") Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 54] (the "Original Plan")[1], as modified by the First Plan Modification for Debtor's Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 66] (the "First Plan Modification"), and

---

[1] All capitalized terms herein shall be given the meaning ascribed to them in the Plan. If a capitalized term is not defined in the Plan, then the term is to be given its ordinary, plain language meaning.

1

Second Plan Modification for Debtor's Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 67] (the "Second Plan Modification", and together with the Original Plan and First Plan Modification, the "Plan"), it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY DETERMINED, FOUND, AND CONCLUDED THAT:**

**A.    Jurisdiction and Venue.**

1.    On November 21, 2022 (the "Petition Date"), the Debtor commenced the above-captioned Chapter 11, Subchapter V case (the "Subchapter V Case") by filing a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code") [Dkt. No. 1].

1.    Venue in the United States Bankruptcy Court for the Northern District of Texas, Abilene Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during the Subchapter V Case. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

2.    The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code. The Bankruptcy Court has exclusive jurisdiction to determine

2

whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

  **B.**  **Eligibility for Relief.**

  3.  The Debtor is eligible for relief under sections 109 and 1182 of the Bankruptcy Code.

  **C.**  **Judicial Notice.**

  4.  The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Subchapter V Case maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Subchapter V Case.  Any resolutions of objections to confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference.  All unresolved objections, statements, and reservations of rights are overruled on the merits.

  **D.**  **Transmittal and Mailing of Materials; Notice.**

  5.  Due, adequate, and sufficient notice of the Plan and Confirmation Hearing, together with all deadlines for voting on, if any, or objecting to the Plan, has been given and no other or further notice is or shall be required.

  **E.**  **Compliance with the Requirements of Section 1191 and 1193 of the Bankruptcy Code.**

  6.  The Court finds that the Plan meets all requirements of Section 1129(a) of the Bankruptcy Code, other than paragraph (15) of that section.

7. Therefore, the Court finds that the Plan meets all of the requirements to be confirmed under section 1191(a) of the Bankruptcy Code.

8. The Court further finds that the First Plan Modification and Second Plan Modification meet all requirements of Section 1193(a) of the Bankruptcy Code.

**F.     Satisfaction of Confirmation Requirements.**

9. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1191 of the Bankruptcy Code.

**G.     Good Faith.**

10. The Debtor and its principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith as they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by this Confirmation Order.

## II.     ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**A.     Order.**

11. This Confirmation Order shall confirm the Debtor's Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 54] as modified by the First Plan Modification for Debtor's Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 66] and Second Plan Modification for Debtor's Original Plan of Reorganization Under Subchapter V Dated February 17, 2023 [Dkt. No. 67] and supplemented by the First Plan Supplement for the Debtor's Plan of Reorganization Under Subchapter V [Dkt. No. 75].

**B.     Objections.**

12.     To the extent that any objections, reservation of rights, statement, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

**C.     Findings of Fact and Conclusions of Law.**

13.     The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.     Confirmation of the Plan.**

14.     The Plan and each of its provisions are confirmed in each and every respect pursuant to section 1191 of the Bankruptcy Code.  The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor are authorized and approved as finalized, executed, and delivered.  Without further order or authorization of the Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan.  As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

15.     The Priority Tax Claim of the Texas Workforce Commission [Claim No. 2-1] will further be included as a Class 5 convenience class creditor.

16.     The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

E.      **Notice of Entry of the Confirmation Order.**

17.     In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtor shall serve a notice of confirmation (the "Notice of Confirmation") by (i) CM/ECF, (ii) United States mail, first class postage prepaid, (iii) by hand, or (iv) by overnight courier service to the Debtor, the Trustee, all creditors, all equity security holders, and all other parties in interest.  Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

18.     The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

F.      **Discharge, Release, and Injunction.**

19.     **EXCEPT AS OTHERWISE PROVIDED IN THIS CONFIRMATION ORDER, THE PLAN, OR BY ORDER OF THE BANKRUPTCY COURT, AS OF THE EFFECTIVE DATE ALL HOLDERS OF CLAIMS AGAINST, OR INTERESTS IN, THE DEBTOR, THE ESTATE OR ANY OF THE ASSETS THAT AROSE PRIOR TO THE EFFECTIVE DATE ARE HEREBY PERMANENTLY ENJOINED AND PROHIBITED**

HB: 4853-3549-6280.4

**FROM THE FOLLOWING: (i) THE COMMENCING OR CONTINUATION IN ANY MANNER, DIRECTLY OR INDIRECTLY, OF ANY ACTION, CASE, LAWSUIT OR OTHER PROCEEDING OF ANY TYPE OR NATURE AGAINST THE DEBTOR, REORGANIZED DEBTOR OR THE ESTATE, WITH RESPECT TO ANY SUCH CLAIM OR INTEREST ARISING OR ACCRUING BEFORE THE EFFECTIVE DATE, INCLUDING WITHOUT LIMITATION THE ENTRY OR ENFORCEMENT OF ANY JUDGMENT, OR ANY OTHER ACT FOR THE COLLECTION, EITHER DIRECTLY OR INDIRECTLY, OF ANY CLAIM OR INTEREST AGAINST THE ESTATE, THE DEBTOR OR THE REORGANIZED DEBTOR; (ii) THE CREATION, PERFECTION OR ENFORCEMENT OF ANY LIEN, SECURITY INTEREST, ENCUMBRANCE, RIGHT OR BURDEN, EITHER DIRECTLY OR INDIRECTLY, AGAINST THE DEBTOR, OR REORGANIZED DEBTOR, (iii) TAKING ANY ACTION IN RELATION TO THE DEBTOR, ESTATE, OR REORGANIZED DEBTOR, EITHER DIRECTLY OR INDIRECTLY, WHICH VIOLATES OR DOES NOT CONFORM OR COMPLY WITH THE PROVISIONS OF THIS PLAN APPLICABLE TO SUCH CLAIM OR INTEREST, OR (iv) ANY OTHER ACTION PROHIBITED BY SECTION 524 OF THE BANKRUPTCY CODE.**

G. **Binding Effect.**

20. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Post-Confirmation Debtor, and any and all holders of Claims (irrespective of whether such Claims are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and

7

injunctions described in the Plan or herein, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

21. The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

**H.  Assumption of Contracts.**

22. All Executory Contracts will be deemed assumed by the Debtor upon the Effective Date, unless an Executory Contract (i) has been previously assumed or rejected pursuant to an order of the Bankruptcy Court, (ii) is identified in this Plan or the Confirmation Order to be rejected, or (iii) is the subject of a motion to reject filed on or before the Confirmation Date. The Debtor may file a motion for the assumption or rejection of any Executory Contract at any time through the Effective Date and such motion will be determined by the Bankruptcy Court thereafter.

**I.  Special Subchapter V Provisions.**

23. The Plan is confirmed pursuant to section 1191(a) of the Bankruptcy Code. The Reorganized Debtor shall act as disbursing agent and will be responsible for making all payments to creditors and other parties in interest under the Plan.

24. No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, all creditors, and all parties in interest a notice of substantial consummation of the Plan as provided under section 1183(c)(2) of the Bankruptcy Code.

25. Upon the granting of the discharge by the Bankruptcy Court pursuant to Section 1192 of the Bankruptcy Code, the Debtor shall be and is hereby discharged to the extent and as

provided by section 1141(d)(1) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt imposed by or otherwise excepted from the Plan.

26. On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Reorganized Debtor under section 1141(b) of the Bankruptcy Code. If the Subchapter V Case is subsequently converted to Chapter 7, all property of the Reorganized Debtor shall automatically revest and become property of the bankruptcy estate of that Debtor in the converted Chapter 7 case.

### J. Final Confirmation Order.

27. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

# # # End of Order # # #

Order Submitted by:

**HUSCH BLACKWELL LLP**

Lynn Hamilton Butler
State Bar No. 03527350
lynn.Butler@huschblackwell.com
Leanne O'Donnell
State Bar No. 24125676
leanne.odonnell@huschblackwell.com
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101

*Attorneys Bitter Creek*
*Water Supply Corporation*

HB: 4853-3549-6280.4